NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE SILVINO COLORADO HERNANDEZ; YOSEF MISAEL MORENO SALAZAR; SAORY IRANY SALAZAR ALVAREZ; TAEMY ZOE COLORADO SALAZAR; YARIANA YAMILETH MORENO SALAZAR; DAFINE GUADALUPE MORENO SALAZAR; KARINA SALAZAR ALVAREZ,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1990<br><br>Agency Nos.<br>A201-496-726<br>A201-496-728<br>A201-496-731<br>A201-496-732<br>A201-496-730<br>A201-496-729<br>A201-496-727<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023**
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners are a family of Mexican nationals[1] seeking review of a Board of Immigration Appeals order dismissing their appeal from an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions for review.[2]

Petitioners concede they are removable, and acknowledge they bear the burden of demonstrating eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i). We review the agency's determinations of ineligibility for asylum, withholding of removal, and CAT relief for substantial evidence, and "reverse . . . only where 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Petitioners challenge the agency's conclusion that they failed to establish past persecution, or a well-founded fear of future persecution, based on membership in a particular social group, namely as members of their family or as imputed owners of a family member's business.[3]

---

[1] Jose Silvino Colorado Hernandez, the lead petitioner, and his common-law spouse Karina Salazar Alvarez are the parents of the remaining petitioners, who are derivative applicants for relief.

[2] Petitioners' concurrently filed motion to stay removal is denied as moot.

[3] To the extent that Petitioners had presented other particular social groups as potential grounds for their asylum claim, they have not done so on appeal, and so have forfeited any such arguments. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

Petitioners must show that they were "individually targeted on account of a protected ground." *Hussain*, 985 F.3d at 641–42. Their testimony, however, did not establish any act that singled them out on account of a protected ground. Rather, it established only that their family member's business had been targeted for refusing to pay extortion. Although Petitioners had been employed at the business, which ceased operation after the extortion attempt, they testified that they were not targets of persecution during the following months while they remained in Mexico. Petitioners have established a credible "desire to be free from harassment by criminals motivated by theft or random violence," but have not demonstrated past persecution based on a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Petitioners have also failed to establish a likelihood of future persecution based on membership in the asserted social groups: they have presented no evidence that other employees of the business or members of their family who continue to live in Mexico have experienced persecution, *see Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021) (weighing "safety of similarly situated members of the family who remained in the country of origin"), nor that those who attempted to extort their family member's business have any knowledge of Petitioners' familial or business relationship. Therefore, substantial evidence supports the agency's conclusion that Petitioners had not established eligibility for asylum.

22-1990

Petitioners likewise failed to meet their burden as to withholding of removal, which requires showing a "clear probability of future persecution." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1197 (9th Cir. 2023). Because Petitioners did not establish a likelihood of future persecution, substantial evidence supports the agency's conclusion that Petitioners had not established eligibility for withholding of removal.

On appeal, Petitioners presented only a conclusory allegation that they are eligible for CAT relief and have offered no "factual detail or legal argument." *Olea-Serefina*, 34 F.4th at 867. Accordingly, their argument for CAT relief is forfeited. *See id.*

**PETITIONS DENIED.**